IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHISN ILLINOIS
EASTERN DIVISION DISTRICT OF

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 09 B 43489 |
| Stevi Redd ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| Stevi Redd ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 10 AP 00035 |
| Bank of America ) | |
| Defendant. ) | |

## ~~PROPOSED~~ FINDINGS OF FACT

**A.** **The Parties**

1. The Plaintiff is Stevi Redd ("Plaintiff").

2. The Defendant is Bank of America ("Defendant").

**B.** **Factual Background**

1. On or about November 17, 2009, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 32 E. 101st Place, Chicago, IL 60628.

3. That Bank of America holds a first mortgage lien on the real property commonly known as 32 E. 101st Place, Chicago, IL 60628, with a secured claim of $77,975.00 pursuant to the proof of claim filed on January 14, 2010 by Bank of America.

4. The Defendant holds a second mortgage lien on the real property known as 32 E. 101st Place, Chicago, IL 60628 in the approximate amount of $18,350.00 pursuant to

Plaintiff's credit report pulled August 10, 2009. A proof of claim was not filed for the second mortgage lien.

5. That the Plaintiff obtained an appraisal of the property on September 8, 2009 indicating the value of 32 E. 101st Place, Chicago, IL 60628 as $65,000.00.

6. The first mortgage lien of Bank of America is a secured claim based on the mortgage recorded on July 16, 2007 as document number 0719705123 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Bank of America is a claim based on the mortgage recorded on July 16, 2007 as document number 0719705122 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $335.00 per month.

9. Bank of America will be paid approximately $2,800.00 for the arrearage on the first mortgage on the real estate that is the subject of this proceeding.

10. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claim.

11. The Plaintiff filed a modified Chapter 13 Plan on May 14, 2010. Section G of the Plan provides in relevant part: The second mortgage lien of Bank of America on the residential property located at 32 E. 101st Place, Chicago, IL 60628 has been stripped due to lack of equity in the subject real estate pursuant to order entered in Stevi Redd v. Bank of America, 2010-AP-00035. The claim is wholly unsecured.

12. On January 7, 2010, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 32 E. 101st Place, Chicago, IL 60628.

13. That on January 7, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 401 N. Tryon Street, Charlotte, NC 28255, and upon the registered agent at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

14. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

15. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

16. No evidence has been presented to challenge the appraised value of $65,000.00.

17. The secured claim of Bank of America in the amount of $77,975.00 exhausts the value and equity in Plaintiff's residence.

18. There is no value and equity to support the claim of the Defendant.

### PROPOSED CONCLUSIONS OF LAW

A. **Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.    Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first Bank of America secured claim in the amount of $75,236.00 and the second Bank of America claim in the amount of $18,350.00.

5. Bank of America filed a proof of claim for the first claim, in the amount of $77,975.00. Said claim is secured by a first mortgage in the Plaintiff's residence.

6. No proof of claim has been filed for the second Bank of America claim. The second claim of Bank of America in the amount of $18,350.00 is second in priority and is based on the figure reported to the major credit bureaus prior to the filing of the voluntary petition.

7. That value of Plaintiff's residence is $65,000.00.

8. As there is no value or equity to support the second priority lien of Bank of America, the second Bank of America claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan my value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through he language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Respectfully submitted,

/s/ Nicholas R. Perino
Attorney for the Debtor/Plaintiff

Robert J. Semrad & Associates
20 South Clark Street
28th Floor
Chicago, Illinois 60603
(312) 913-0625

6/7/10

JUN 07 2010